[Civ. No. 15602.   Second Dist., Div. Three.   Aug. 18, 1947.]

LILLIAN V. THOMPSON et al., Appellants, v. ARTHUR HELD et al., Respondents.

Gordon M. Gale for Appellants.

Spray, Davis & Gould for Respondents.

SHINN, Acting P. J.—Plaintiffs, heirs at law of Emmitt Grant Thompson, deceased, brought this action in damages for the alleged wrongful death of Mr. Thompson, who was killed when struck by an automobile driven by defendant Arthur Held.   They appeal from a judgment after verdict in favor of defendant.   The principal ground of the appeal is the contention that the evidence was insufficient to justify either of

the implied findings that defendant was free from negligence and that decedent was guilty of contributory negligence, as pleaded in defendant's answer.

On November 29, 1942, there were in force in the city of Redondo Beach dim-out regulations of the Army which limited the power of lights of automobiles to not more than 250 candle power. At about 8:45 p. m. defendant was driving south at 25 miles per hour on Elena Street, which was a four-lane marked highway. He was traveling in the lane immediately adjoining on the west the center line. His dim lights were on and the only other illumination was from a hanging light, portions of which were painted brown and which cast little light on the roadway. Mr. Thompson, with his wife and daughter, had parked his car on the west side of Elena south of the intersection of Garnet, had walked northerly on the sidewalk with his daughter, plaintiff Dequetta A. Thompson, until they approached a crosswalk at the south side of Garnet. They then started across Elena and when they had reached the center line, or thereabouts, Dequetta saw the lights of defendant's car approaching and she testified that her father called attention to approaching lights. Apparently because a car was approaching from the south she and her father stepped back toward the west, she reached for her father in order to assist him but he had been struck by defendant's car, which was stopped some 15 feet beyond the point of the accident. There was testimony by a police officer and others that the point of the accident was about 25 feet south of the south crosswalk of Garnet Street. Dequetta was not able to testify whether defendant's car passed to the east or west of her nor as to how far her father stepped back, but it is quite obvious that he stepped directly into the path of defendant's car. Defendant testified that he saw no one in the intersection or the crosswalk but that shortly after he had passed over the crosswalk he saw a woman standing to the right or west of his car but that he did not see deceased before striking him. Defendant also estimated that with his dim lights he could see but 6 or 8 feet in front of his car.

It will appear from this statement of the material facts that the questions of negligence and contributory negligence were purely questions of fact. Under the extremely hazardous conditions of travel for both motorists and pedestrians, defendant and decedent were required to be exceedingly cautious. Dequetta testified that they were crossing in the

crosswalk, and if that had been the fact defendant would have been guilty of negligence as a matter of law if he had failed to yield the right of way, but there was persuasive evidence that the accident happened some 26 feet south of the crosswalk where the duty to yield the right of way was the reverse. While defendant's lights were so dim as to afford him slight opportunity to see pedestrians in the street they were bright enough to be seen at a far greater distance and, in fact, were seen by the daughter, and perhaps by the father, in time for them to have reached a place of safety. Had it not been for the unfortunate mistake of Mr. Thompson in stepping into the path of defendant's car he would have escaped injury, as his daughter did. Certainly, under these circumstances the jury were not required to hold defendant solely responsible for the accident, and this being true, a reviewing court may not justly interfere with the judgment.

Appellants also complain of a ruling sustaining an objection to the question asked defendant whether he had had his lights tested. We are referred to no requirement of law that automobile lights be tested. The Army regulations fixed no minimum candle power for lights, and if defendant's lights exceeded the allowed power, which is not claimed to be the fact, the case of the plaintiffs would not have been strengthened thereby.

The trial was had without error and the verdict has ample support in the evidence.

The judgment is affirmed.

Wood, J., and Kincaid, J. pro tem., concurred.